IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C. DAKOTA ANDERSON,

        Plaintiff,

v.                                                                              CIV. No. 97-1111 JP/WWD

SCOTT GARRETT and JOHN DOES I-IV,
d/b/a HOLIDAY INN DON FERNANDO DE
TAOS, and ABC CORPORATION

        Defendants.

## MEMORANDUM OPINION AND ORDER

The subject of this Order is Plaintiff's Motion to Remand [Doc. No. 5], filed October 14, 1997. On August 14, 1997 plaintiff filed her Complaint in New Mexico state court, alleging that defendants violated the Americans with Disabilities Act (ADA) and the New Mexico Human Rights Act (NMHRA). She also stated claims of prima facie tort and intentional infliction of emotional distress. On August 19, 1997 defendants removed the action to this Court under 42 U.S.C. §§ 1331, 1441, and 1446. Plaintiff now seeks to remand the matter to state court, relying upon NMSA 1978, § 28-1-13[1] to argue that removal was improper because this Court does not have original jurisdiction over the NMHRA cause of action. Plaintiff's Motion at ¶¶ 5-6.

---

[1] NMSA 1978, § 28-1-13A provides, in pertinent part, that "[a]ny person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business . . . ." § 28-1-13C states that "the jurisdiction of the district court is exclusive and its judgment is final, subject to appeal to the supreme court."

Plaintiff also argues that I should remand the case because "if any one cause of action could not be brought in Federal Court, the Court should remand the matter to State Court." Plaintiff's Reply at 1.

Plaintiff's motion to remand should be denied. It is undisputed that federal district courts have original jurisdiction over a claim of a violation of the ADA, as this is a claim "arising under" federal law within the meaning of 28 U.S.C. § 1331. Further, Congress has expressly granted federal district courts supplemental jurisdiction over all state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Upon review of plaintiff's complaint I have determined that each of her claims arises from the same set of facts and circumstances such that they form part of the same case or controversy. Therefore, this Court has supplemental jurisdiction over plaintiff's state law claims.

In determining its jurisdiction a federal court "must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction." Markham v. City of Newport News, 292 F.2d 711, 713 (4th Cir. 1961). The jurisdiction of the federal courts is limited only by federal law. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372, 98 S.Ct. 2396, 2401-02 (1978); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). To allow a state legislature to limit the pendent jurisdiction of the federal courts would in many cases defeat the purpose of pendent jurisdiction, including expediency, efficiency, convenience, and fairness to the parties. Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139. Thus, this Court has rejected arguments similar to those the plaintiff advances here. In Wojciechowski v. Harriman, 607 F.Supp. 631 (D.N.M. 1985), the

plaintiff sued individual and municipal defendants in federal district court under 42 U.S.C. § 1983 as well as the New Mexico Tort Claims Act.  The defendants moved to dismiss the claims under the Tort Claims Act on the basis that the state court had exclusive jurisdiction over those claims.  In rejecting that argument, Judge Baldock stated:

> It is axiomatic that, pursuant to the supremacy clause, Article III preempts any contrary state law. [The state law], therefore, is unconstitutional to the extent that it attempts to confine suits against New Mexico counties, municipalities, or county and municipal officers to New Mexico state district courts and will not have the effect of limiting the jurisdiction of the courts of the United States.

Wojciechowski, 607 F.Supp. at 635.  The same principles of federalism apply here, and the purported exclusive jurisdiction conveyed to the state courts by the NMHRA cannot override the jurisdiction bestowed upon this Court by 28 U.S.C. §§ 1367(a) and 1441(a).

Plaintiff's reliance on my Memorandum Opinion and Order of Remand in Fay v. Davis, CIV No. 95-949 JP/WWD, as well as McKay v. Boyd Constr. Co., Inc., 769 F.2d 1084 (5th Cir. 1985), and Flores v. Long, 110 F.3d 730 (10th Cir. 1997) is entirely misplaced.  Each of those cases dealt with claims falling under the ambit of the Eleventh Amendment of the United States Constitution, which denies courts of the United States jurisdiction over any action in which a state or a state agency or department is named as defendant unless the state has affirmatively waived its immunity.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984); Bishop v. John Doe 1, 902 F.2d 809, 810 (10th Cir.), cert. denied, 498 U.S. 873 (1990).  In each of the cases cited by the plaintiff, the federal court remanded the action to state court because it found that it did not have jurisdiction over the "civil action" for the purposes of 28 U.S.C. § 1441.  Each court reasoned that if any claim made in the original complaint could not

have been brought in federal court because of Eleventh Amendment immunity, then the "civil action," which includes all claims made in the case, is not within the federal court's original jurisdiction and is not removable under §1441.  As Judge Hansen stated, relying on the Fifth Circuit's rationale in McKay, "[I]f even one claim in an action is jurisdictionally barred from federal court by a state's sovereign immunity, or does not otherwise fit within the original or supplemental jurisdiction of the federal courts, then, as a consequence of § 1441(a), the whole action cannot be removed to federal court."  Flores v. Long, 926 F.Supp. 166, 168 (D.N.M. 1995) (quoting Frances J. v. Wright, 19 F.3d 337, 341 (7th Cir. 1994)).

In this case, however, this Court does have jurisdiction over the entire "civil action." Specifically, there is original, federal question jurisdiction over the ADA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  Thus, I find that this Court has jurisdiction over this case and that removal of this case is proper under 28 U.S.C. § 1441(a).  I also find that plaintiff's state law claims neither raise a novel or complex issue of state law nor "predominate" over the federal law claim and therefore this case meets none of the criteria for a court to decline to exercise supplemental jurisdiction outlined in 28 U.S.C. § 1367(c).

Therefore, it is ORDERED that the Plaintiff's Motion to Remand [Doc. No. 5] is DENIED.

_____
UNITED STATES DISTRICT JUDGE